UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| THOMAS O. BLAKE<br>    FED. REG. # 24804-009<br>VS. | CIVIL ACTION NO. 3:13-cv-2839<br><br>SECTION P<br><br>JUDGE ROBERT G. JAMES |
| LT. SQUIRES, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

MEMORANDUM ORDER

Thomas O. Blake, a prisoner in the custody of the Federal Bureau of Prisons (BOP) is incarcerated at the United States Penitentiary (USP)-Hazelton, Bruceton Mills, West Virginia. On October 2, 2013, he filed a hand-written document complaining that he is being held beyond his scheduled release date of August 14, 2013; he also complained that he and members of his family have been threatened by various BOP personnel at USP-Hazelton who are acting in concert with the Mafia. In another document filed on October 11, 2013, he complained that he is being unlawfully detained in solitary confinement at USP-Hazelton, and that he was beaten by BOP personnel, presumably at USP-Hazelton.

The records of this Court reveal that Blake was convicted of being a felon in possession of a firearm following his guilty plea to that charge on July 14, 2011; on November 9, 2011, he was sentenced to serve 63 months imprisonment. *United States of America v. Thomas O. Blake*, No. 3:09-cr-00034. His sentence was thereafter affirmed by the United States Fifth Circuit Court of Appeals on August 17, 2012. *USA vs. Blake*, No. 11-31809.

Blake's current filings, liberally construed, attack the manner in which his sentence is being served as well as the conditions of confinement at USP-Hazelton. The filings clearly do not

collaterally attack the Constitutionality of his conviction and sentence and therefore do not arise under 28 U.S.C. §2255.

To the extent that the filings attack the manner in which his sentence is being served, they may be construed as arising under the general *habeas corpus* statute, 28 U.S.C. §2241. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir.2000). As such, the proper respondent is the Warden of the prison where he is confined and venue is in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (For *habeas* petitions challenging present physical confinement, jurisdiction lies only in the district of confinement.)

Blake also complains about the conditions of confinement at USP-Hazelton and seeks redress against various individuals who are apparently employees of the BOP. As such, that portion of his claim apparently arises under *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). (A *Bivens* claim is a judicially created counterpart to a 42 U.S.C. § 1983 civil rights action and is properly brought only against federal officials who have allegedly denied a plaintiff's constitutional rights, in their individual capacities. *See Bivens*, 403 U.S. at 390–97.) Generally, venue for *Bivens* claims is determined by 28 U.S.C. § 1391(b), which provides: "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." *Stafford v. Briggs*, 444 U.S. 527, 544, 100 S.Ct. 774, 784, 63 L.Ed.2d 1 (1980). It appears that the defendants reside, or can be found in the judicial district where Blake is

incarcerated; it further appears that the events giving rise to his claims occurred in that district.

In other words, read liberally, Blake seeks both *habeas corpus* and civil rights relief. This Court clearly lacks jurisdiction to resolve his *habeas* claim; further, venue for his *Bivens* claims is also inappropriate. Title 28 U.S.C. §1406(a) provides, "[T]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The USP-Hazelton, where Blake is currently incarcerated, is located in the Northern District of West Virginia. That Court could exercise jurisdiction over Blake's *habeas corpus* petition and would clearly be the appropriate venue for his *Bivens* claims. Therefore,

The Civil Actions filed herein by Thomas O. Blake are hereby **TRANSFERRED** to the United States District Court for the Northern District of West Virginia.

In Chambers, Monroe, Louisiana, October 15, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE